UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DHRUV DHRUV, | No. 1:26-cv-01444-DJC-CKD |
| Petitioner, | |
| v. | ORDER |
| MINGA WOFFORD, et al., | |
| Respondents. | |

Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE").

Petitioner raises claims that are functionally identical to those this Court has already addressed in prior orders. Petitioner entered the United States in December 2024 and was detained shortly after entry. (Pet. ¶ 1–2.) Petitioner was released from custody on parole pursuant to 8 U.S.C. § 1182(d)(5)(A). (*Id.* ¶ 2.) On October 17, 2025, Petitioner appeared for an asylum interview and was instructed to return on October 24, 2025. (*Id.* ¶ 4.) When Petitioner arrived at the ICE offices on October 24, 2025, he was arrested. (*Id.* ¶ 5.) Petitioner was not provided with a written notice explaining the basis for revocation of his release or an opportunity to be heard. (*Id.* ¶ 6.)

1  The Court's prior orders are dispositive on the issues raised in the Petition and
2  Motion. *See Oli v. Andrews*, No. 1:26-cv-00477-DJC-AC, 2026 WL 253425 (E.D. Cal.
3  Jan. 30, 2026); *M.B. v. Noem*, No. 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal.
4  Jan. 9, 2026). For the reasons stated in those cases, Petitioner is entitled to relief.
5  Respondents did not provide Petitioner with notice and an opportunity to be heard as
6  required by both 8 C.F.R. § 212.5(e)(2)(i) and the Fifth Amendment Due Process
7  Clause. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v.*
8  *Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v.*
9  *Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior
10 orders, the Court finds that Petitioner has a substantial private interest in maintaining
11 his out-of-custody status, the risk of erroneous deprivation here is considerable, and
12 Respondents' interest in detention is low as the effort and costs required to provide
13 Petitioner with procedural safeguards are minimal.
14  The Court informed the parties that it intended to rule directly on the Petition.
15 (ECF No. 6.) Neither party objected to the Court ruling on the merits of the Petition.
16 Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF
17 No. 1) is GRANTED as to Count 2 of the Petition, for the reasons stated in those prior
18 orders.[1]
19  Respondents are ORDERED to immediately release J.C. from their custody.
20 Respondents shall not impose any additional restrictions on Petitioner, unless that is
21 determined to be necessary at a future pre-deprivation/custody hearing.
22 Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-
23 detaining Petitioner absent compliance with constitutional protections, which include,
24 at a minimum, pre-deprivation notice describing the change of circumstances
25 necessitating Petitioner's arrest and detention, and a timely hearing. At any such
26 hearing, the Government shall bear the burden of establishing, by clear and

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

1  convincing evidence, that Petitioner poses a danger to the community or a risk of
2  flight, and Petitioner shall be allowed to have his counsel present.
3      The Clerk of the Court is directed to close this case and enter judgment for
4  Petitioner.  This Order resolves all pending motions.

   IT IS SO ORDERED.

Dated:   **February 26, 2026**

*/s/ Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE